STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeals of Roman      }
Catholic Diocese of Burlington   }
                             }   Docket Nos. 146-7-00 Vtec
                             }   and 165-8-00 Vtec
                             }
                             }

Decision and Order on Appellant's Motion for Summary Judgment

Appellant Roman Catholic Diocese of Burlington appealed in Docket No. 165-8-00 Vtec from a decision of the City of Burlington Zoning Board of Adjustment (ZBA) denying Appellant's application for a conditional use permit for the demolition of the buildings at 76-78 Cherry Street. In Docket No. 146-7-00 Vtec Appellant appealed from a decision of the Planning Commission denying Appellant's application for a certificate of appropriateness for the demolition of the buildings at 76-78 Cherry Street. Appellant is represented by Joseph P. Bauer, Esq.; the City is represented by Kimberlee J. Sturtevant, Esq. Appellant moved for partial summary judgment in Docket No. 165-8-00 Vtec only.

The following facts are undisputed unless otherwise noted.

On June 5 and June 28, 2000, the ZBA issued preliminary rulings in this matter regarding whether Appellant had provided proof that replacement housing units would be provided. On July 8, 2000, Appellant entered into an agreement with the Burlington Community Land Trust (BCLT) to replace the two units which would be lost from the demolition of 76-78 Cherry Street. On July 24, 2000, in the decision on appeal in Docket No. 165-8-00 Vtec, the ZBA denied conditional use approval on the basis of criterion 2 (that demolition will adversely affect the character of the area for two reasons: its historic detailing and its residential use) and on the basis of criterion 4 (that demolition fails to meet the design review criteria per the Planning Commission decision of June 8, 2000).

Section 15.1.6 of the Burlington Zoning Ordinance requires that, "in addition to applicable requirements for a conditional use, the zoning board of adjustment shall require, as a condition of approval, that an owner shall replace any housing units that are demolished or converted to a nonresidential use." Appellant maintains that it has provided the replacement housing and is therefore entitled to judgment as a matter of law on that issue. The City agrees that the BCLT agreement, so long as it is effective, meets the requirements of § 15.1.6. Accordingly, Appellant's Motion for Partial Summary Judgment is GRANTED that it has provided housing replacement as required under the Zoning Ordinance.

However, the grant of this partial summary judgment motion does not resolve the case. Conditional use approval was denied on two other grounds: the effect of the proposed demolition

on the character of the area, and whether the proposal for demolition meets the design review criteria. Appellant has not sought summary judgment as to those grounds for denial. Accordingly, it appears to the Court that these consolidated matters should be set for a hearing on their merits. We will hold a conference on Thursday, April 5, 2001, at 9:00 a.m. to discuss the scheduling of this matter. Attorney Sturtevant and Judge Wright will be at the Costello Courthouse on Cherry Street in Burlington at that time for another matter. Judge Wright will telephone Attorney Bauer at his office for the conference, unless he would prefer to participate in person, in which case he should call the Court's Barre offices by close of business on Wednesday March 4, 2001, to let us know.

Done at Barre, Vermont, this 30th day of March, 2001.

_____
Merideth Wright
Environmental Judge